Joseph A. Gavagan, J.
This application for relief pursuant to article 78 of the Civil Practice Act is a companion motion to No. 54 of February 15, 1960 (Matter of Fuller v. Schechter, 22 Misc 2d 743). My decision in that motion is made simultaneously with the one here. Since the factual situation is practically the same (except for the differences I shall point out) and the legal problems are identical, I shall not belabor this determination with unnecessary repetition of my findings and conclusion stated in the companion motion. The identical brief there submitted has been submitted here by respondents. And petitioner has also submitted an identical brief here, except for the following differences. Here, the petitioner is an Administrative Assistant in the Transit Authority, Real Estate Department, Salary Grade XIII. He has been so employed since 1922. From 1922 to 1940 he was employed by the Interboro Rapid Transit; from 1940 to 1953 he was employed by the NeAV York City Board of Transportation. Prior to 1956 he Avas a Grade V Clerk, salary unlimited (same as petitioner in companion case), in the Real Estate Department of the New York City Transit Authority. During 1956 his title was classified to Administrative Assistant, Salary Grade XIII in the same manner as was petitioner in the companion case. He also was denied the relief he requested for reclassification to the title of Senior Administrative Assistant, Salary Grade XVIII. On his behalf there Avas submitted his actual duties, responsibilities and tasks performed by him daily, as follows:
“Validation of rapid transit routes, including inspection as to feasibilities for easements for transportation routes, owners’ consents, the draAving up of leases for said easements, including the negotiation of terms or, in the alternative, recommendation for acquisition by condemnation. In this respect, the petitioner *751 has sole authority to negotiate the lease and determine the rental price.
‘1 Petitioner has sole authority to determine whether land should be acquired by direct purchase or by condemnation and if by direct purchase, he recommends the purchase price. In this respect, his unit makes all title examinations, tax searches and all necessary steps pertaining thereto.
‘ ‘ Petitioner supervises the relocation of tenants and owners in possession of acquired real property.
“He works with the Corporation Counsel and recommends Court action in connection with the real property, and if said Court action is pursued, he is the expert witness for the Transit Authority in this respect.
“He services all policies of insurance furnished by tenants, including fire, public liability, property damage, plate-glass, etc.
“ He determines fire loss by tenants of property owned by the Transit Authority and evaluates same.
“ He acts for the Director of Real Estate and reports directly to the General Manager of the Transit Authority.
“He maintains liaison with all City Departments and prepares all reports for the Authority and for other City Departments.
1 ‘ He deals directly with the general public, including attorneys who represent tenants and owners of acquired property and property under negotiation for acquisition.
“He directly supervises and administers a large staff.
‘ ‘ In addition, petitioner directly supervises a large staff of over twenty-seven persons.”
Under the Career and Salary Plan Code No. 10139, Salary Grade XVIII, which relates to Senior Administrative Assistants (the title which petitioner seeks), the duties, responsibilities and examples of typical tasks relating to said position are:
“ Duties and Responsibilities
1 ‘ Under general direction, with considerable latitude for the exercise of independent initiative and judgment, supervises an exceptionally large office engaged in routine clerical activities, or supervises a very large office engaged in departmental administrative or management activities, or performs exceptionally difficult and responsible administrative work.

“Examples of Typical Tasks

1‘ Supervises the clerical operations of a large division, or of a bureau composed of two or more divisions. Plans, assigns, and reviews the work of subordinates, and is generally responsi *752 He for the satisfactory completion of the clerical work performed in the division or bureau.
“ Supervises a large section, or a division composed of two or more sections, engaged in departmental administrative or management activities. Plans, assigns, and reviews the work of subordinates and is immediately responsible to a top-level administrative or executive officer for the satisfactory completion of work performed in the section or division.
‘ ‘ Acts as principal assistant to an administrative or executive officer generally responsible for all, or the preponderant majority, of the clerical' and administrative activities of a small department, or for the supervision of an exceptionally large office, commonly styled a bureau, or equivalent, engaged in departmental administrative or management activities.
“Performs exceptionally difficult and responsible independent, specialized administrative or management work related to personnel administration, accounts and budgeting, methods and organization, etc.
‘ ‘ May represent a department in interdepartmental functions or programs, or in relations with civic groups or employee organizations.
“ Performs related work as required.”
It is apparent that the specification so enumerated by respondents, rather than the specification for Administrative Assistant, is the only specification accurately delineating the actual duties 'and responsibilities of petitioner, or the typical tasks performed by him. His job is clothed with responsibility, complete freedom and latitude of independent action. In negotiating leases, and he negotiates over 75 a year, petitioner is called upon to represent the City of New York in an extremely important function. Dependent upon his ability are millions of dollars of taxpayers ’ money. In every function he performs ■— in the acquisition of real property, in the appraisal of property for possible easements, in connection with transit routes — he is performing the most responsible duties. It is manifestly unfair and arbitrary to allow petitioner to remain classified as an Administrative Assistant, Salary Grade XIII. And this is even more patently expressed by the very fact that the recommendation of the person most qualified to appraise his duties and the value of his work and responsibilities — the Director of Real Estate of the City — was not accepted by respondents. Said director’s indorsement of petitioner’s appeal was made by letter of September 4, 1956 (Exh. 2) and by oral request. The letter is, in the main, as follows: 1 ‘ Mr. Myerson has recently *753 been classified as Administrative Assistant ($5,990.). In my opinion, this title is grossly unfair to him and to the Department. His duties and responsibilities as my assistant, and the work he performs is 'important to the Authority.” After reviewing the duties assigned to petitioner, the Director of Real Estate went on to state: ‘ ‘ His many years of on the job experience in transit real estate qualifies him to carry the responsibilities of Sr. Administrative Assistant, and the scope of the tasks assigned to this employee, and proficiently performed, warrants such upgrading in title and salary.”
Subsequently, on February 7, 1957, in a “ Memorandum fob Mr. E. Vincent Curtayne ’ ’, the Director of Real Estate stated: ‘ ‘ The granting of this recommendation for this most deserving employee will redound to the benefit of the Authority and the Real Estate Department in which Mr. Myerson has over 34 years of service.” Nevertheless the board rejected petitioner’s appeal.
Again, without unnecessarily restating all of the findings and conclusions reached by me in the companion case decided simultaneously herewith (22 Misc 2d 743), I am of the ultimate opinion and conclusion that the same apply to petitioner’s situation here and for all of the reasons there stated, as here, I find the determination of respondents in respect of petitioner’s circumstances was arbitrary and unreasonable and that petitioner’s application must be granted. . Settle order.